O

FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

MAR - 4 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA R. DOTY,<br><br>   Plaintiff,<br><br>   vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>   Defendant. | Case No. EDCV 08-694 RNB<br><br>ORDER REVERSING DECISION OF COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS |

Plaintiff filed a Complaint herein on May 20, 2008, seeking review of the Commissioner's denial of her application for disability insurance benefits. In accordance with the Court's Case Management Order, the parties filed a Joint Stipulation on February 25, 2009. Thus, this matter now is ready for decision.[1]

**DISPUTED ISSUES**

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

As reflected in the Joint Stipulation, the disputed issues that plaintiff is raising as the grounds for reversal are as follows:

1. Whether the Administrative Law Judge ("ALJ") properly considered the opinions of Dr. Syan Kunam that are reflected in his September 17, 2007 evaluation of plaintiff's mental work capacity.[2]

2. Whether the ALJ properly considered plaintiff's testimony and made proper credibility findings.

3. Whether the ALJ properly considered the plaintiff's residual functional capacity ("RFC").[3]

4. Whether the ALJ properly considered the lay witness testimony.

5. Whether the ALJ posed a complete hypothetical question to the vocational expert.

## DISCUSSION

As a preliminary matter, plaintiff's counsel is advised that, in the Court's view, she did a wholly inadequate job briefing the issues in dispute and in particular Disputed Issue Nos. 1-4. As to each of those disputed issues, plaintiff's counsel merely set forth the governing legal principles without even purporting to discuss how

---

[2] As the Commissioner points out, although plaintiff characterized this assessment as that of a consultative examiner (see Jt Stip at 2), the record reflects that Dr. Kunam actually was one of plaintiff's longstanding treating physicians. (See AR 113; see also AR 195-222, 244-47).

[3] The Court concurs with the Commissioner that, in Disputed Issue No. 3, plaintiff merely has reiterated the same contentions she is making in support of Disputed Issue No. 1. Accordingly, the Court considers Disputed Issue No. 1 and Disputed Issue No. 3 to be raising the same issue : Whether, in determining plaintiff's RFC, the ALJ properly considered the opinions of Dr. Kunam that are reflected in his September 17, 2007 evaluation of plaintiff's mental work capacity.

those principles applied to what the ALJ stated in her decision. Moreover, plaintiff's "reply" in each instance was completely nonresponsive to the Commissioner's contentions. As discussed below, the Court nevertheless has concluded that a remand for further administrative proceedings is warranted here. However, plaintiff's counsel is forewarned that the Court intends to take into account the poor job that she did when the time comes to award fees in this matter pursuant to the Equal Access to Justice Act (and/or pursuant to 42 U.S.C. § 406(b) if plaintiff ultimately recovers an award of back benefits).

With respect to Disputed Issue No. 2, the Court concurs with the Commissioner that reversal is not warranted based on the ALJ's alleged failure to make a proper adverse credibility determination. Although the Court is unable to give any consideration to the "reasons" proffered by the Commissioner that the ALJ did not expressly articulate in support of her adverse credibility determination (e.g., that plaintiff's mental impairment "responded well to medication," see Jt Stip at 11),[4] the Court finds that the reasons given by the ALJ at AR 17 (i.e., treatment routine and conservative, severity of complaints inconsistent with objective medical findings and plaintiff's daily activities, inconsistencies between plaintiff's testimony and her written reports) were sufficiently specific to support the ALJ's finding that plaintiff's statements concerning the alleged disabling severity of the symptoms allegedly caused by her physical and mental impairments were not "entirely credible." See, e.g., Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (ALJ may properly consider inconsistencies either in claimant's testimony or between claimant's testimony and claimant's conduct, claimant's daily activities, and claimant's work record); Morgan v. Comm'r of Soc. Sec., 169 F.3d 595, 600 (9th Cir. 1999) (ALJ may

---

[4] See Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003); Ceguerra v. Sec'y of Health & Human Svcs., 933 F.2d 735, 738 (9th Cir. 1991) ("A reviewing court can evaluate an agency's decision only on the grounds articulated by the agency.").

3

properly consider conflict between claimant's testimony of subjective complaints and objective medical evidence in the record, and may properly rely on contradictions between claimant's reported limitations and claimant's daily activities); Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995) (ALJ may properly rely on inconsistencies in the claimant's testimony and fact that only conservative treatment had been prescribed); Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ may properly rely on lack of objective evidence to support claimant's subjective complaints)

With respect to Disputed Issue No. 4, for the reasons stated by the Commissioner (see Jt Stip at 16-17), the Court finds that reversal is not warranted based on the ALJ's alleged failure to properly consider the lay testimony of plaintiff's daughter that is reflected in the daughter's "Function Report - Adult Third Party" dated July 29, 2005. (See AR 87-95).

However, with respect to Disputed Issue Nos. 1 and 3, for the reasons discussed hereafter, the Court concurs with plaintiff that the ALJ failed to properly consider Dr. Kunam's September 17, 2007 evaluation of plaintiff's mental work capacity. (See AR 328-29). Since the Court therefore is unable to affirm the ALJ's determination of plaintiff's RFC, it is unnecessary for the Court to reach the issue of whether the ALJ posed a complete hypothetical question to the vocational expert (Disputed Issue No. 5).

It is well established in this Circuit that a treating physician's opinions are entitled to special weight, because a treating physician is employed to cure and has a greater opportunity to know and observe the patient as an individual. See McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989). "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. See 20

C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). If the treating physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing" reasons. See Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996); Baxter v. Sullivan, 923 F.3d 1391, 1396 (9th Cir. 1991). Where, as here, the treating physician's opinion is controverted, it may be rejected only if the ALJ makes findings setting forth specific and legitimate reasons that are based on the substantial evidence of record. See Magallanes, 881 F.2d at 751; Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987).

Here, the ALJ's RFC determination constituted an implicit rejection of the opinions of plaintiff's longstanding treating psychiatrist, Dr. Kunam, rendered September 17, 2007, that, as a result of plaintiff's mental impairment, she was markedly limited in numerous functional areas and extremely limited (i.e., lacked any "useful ability to function") in one functional area, and that her impairments or treatment would cause her to be absent from work 3 days or more per month. (See AR 328-39). The only reason given by the ALJ for according "little weight" to Dr. Kunam's September 17, 2007 assessment of the severity of the limitations due to plaintiff's mental impairment was that Dr. Kunam's opinion "contrasts sharply with the other evidence of record, including his own treatment notes." (See AR 17).[5]

If, by her reference to "the other evidence of record," the ALJ was referring to the conflicting opinions of other physicians of record, the Court notes that the mere

---

[5] Under the authorities cited above, the Court is unable to consider any reasons proffered by the Commissioner for rejecting Dr. Kunam's opinions that were not articulated by the ALJ (e.g., it "was offered on a check-the-box form no narrative explanation or accompanying objective findings," see Jt Stip at 6). Further, the Court disagrees with the Commissioner that the ALJ's statement earlier in his decision that Dr. Kunam's subsequent treatment notes indicated that her condition improved with medication (see AR 14) constituted one of the ALJ's stated reasons for rejecting Dr. Kunam's September 17, 2007. It is clear from the decision that the ALJ's earlier statement was made with reference to an "initial psychiatric intake assessment" rendered by Dr. Kunam at or about the time of plaintiff's alleged onset date (which was February 7, 2005).

5

fact that a treating physician's opinion is controverted by another physician's opinion is not in itself a sufficient reason to reject the treating physician's opinion, but rather is merely determinative of the governing standard for rejecting the treating physician's opinion. Further, the ALJ's conclusory assertion to the effect that Dr. Kunam's opinion(s) "sharply contrasted" with "the other evidence of record" constitutes the same kind of non-specific boilerplate language rejected by the Ninth Circuit as insufficient in Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988). There, the Ninth Circuit observed, "To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim." Id. at 421.

## CONCLUSION AND ORDER

As to the issue of the appropriate relief, the law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. See, e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister, 888 F.2d at 603; Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981). Remand is warranted where additional administrative proceedings could remedy defects in the decision. See, e.g., Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984); Lewin, 654 F.2d at 635. Remand for the payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, Kornock v. Harris, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed, Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits, Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985).

Here, with respect to the issue of whether, in determining plaintiff's RFC, the ALJ properly considered the opinions of Dr. Kunam that are reflected in his September 17, 2007 evaluation of plaintiff's mental work capacity, plaintiff implicitly has conceded that a remand for further development of the record is warranted. (See

Jt Stip at 14 ("Remand of this matter is therefore required, with the instruction that the ALJ properly consider the plaintiff's residual functional capacity."). The Court concurs. See also Connett, 340 F.3d at 876 (holding that the "crediting as true" doctrine is not mandatory in the Ninth Circuit). This is not an instance where no useful purpose would be served by further administrative proceedings; rather, additional administrative proceedings still could remedy the defects in the ALJ's decision.

Accordingly, pursuant to sentence four of 42 U.S.C. § 405(g), IT IS HEREBY ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings.[6]

DATED: March 3, 2009

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

---

[6] It is not the Court's intent to limit the scope of the remand.